| 175     367
| 31 SC 4 71

James Mansel, A. B. Speicher, W. A. Long, W. G. Root, John W. Hall, Charles T. Owen, D. Kavanaugh, J. W. Shea, C. A. Bates and S. D. Reeder, Taxpayers of the County of Lycoming in behalf of and to the use of said County of Lycoming, Appellants, *v.* J. F. Nicely.

*Public officers— County commissioners—Compensation.*

It is the duty of county commissioners to keep their office open and to be in attendance whenever it is necessary, and the necessity is not to be determined alone by the hours of actual labor or the amount of work done. The convenience of the public who have business with the office is to be considered, and the commissioners should be in attendance whenever their presence is required by the reasonable demands of public business. The duties of the commissioners cannot be delegated to their clerk.

The conduct and discretion of county commissioners as to attendance at their office are subject to review on an appeal from the audit of their accounts, and where there is any evidence of an abuse for the purpose of unfairly increasing the emoluments of their office, the question is for the jury; but to carry the question to the jury there must be some basis for a finding more substantial than a mere conjecture whether as public officers they could have done their work in a less number of days.

On an appeal from the audit of the accounts of a county commissioner it appeared that he was in actual attendance at his office on each day for which a charge had been allowed; that there was a meeting of the board which he attended each day; that on all but nine days business requiring the action of the board was transacted; that the work of the commissioners for the year had been largely increased by disastrous floods; and that the account of the appellee verified by his oath had been submitted to the county auditors, and by them audited, adjusted and settled. There was no evidence to show that the commissioners' attendance for any day for which a recovery was had was not necessary. *Held,* that there was no case for the jury.

*County commissioners—Emoluments—Acts of May 7, 1889, and May 13, 1889.*

The act of May 7, 1889, P. L. 109, fixes the compensation of county commissioners at $3.50 per day, and provides : "That the pay allowed by this act shall be in lieu of all other compensation and charges for the individual services and expenses of said commissioners." The act of May 13, 1889, P. L. 200, allows county commissioners "their traveling expenses necessarily incurred in the discharge of their official duties." *Held,* (1) that the second act did not repeal any part of the first, but supplied something, i. e., the right to traveling expenses, for which the first

act had not provided; (2) that the presumption against the intention to repeal was strengthened by the fact that both acts were under consideration by the legislature at the same time.

The traveling expenses necessarily incurred by a county commissioner in the discharge of official duties do not include the expenses which he incurs each day in going from his home to his office and returning. These come under the head of individual expenses, the collection of which from the county is forbidden by the act of May 7, 1889, P. L. 109.

Argued March 19, 1896.   Appeal, No. 276, Jan. T., 1896, by plaintiffs, from judgment of C. P. Lycoming Co., June T., 1895, No. 564, on verdict for defendant.   Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and FELL, JJ.   Reversed.

Appeal from report of county auditors.   Before MAYER, P. J., of the 25th judicial district, specially presiding.

The facts appear by the opinion of the Supreme Court, and from the following charge of the court below.

In the fall of 1893, J. F. Nicely was elected by the votes of Lycoming county a county commissioner, and on the first Monday of January, 1894, he entered upon the duties of his office and continued in the discharge of those duties during the year 1894.   At the end of the fiscal year, that is, the year 1894, or beginning of January, 1895, the county auditors of this county undertook to audit, adjust and settle his account for the year 1894.   They found that there was due him the sum of $1,078 for the days that he had expended during the year 1894, I think, 308 days at $3.50.   They also found that necessary expenses incurred by him amounted to $399.86, and they struck a balance due J. F. Nicely of $399.86.   The sum of $1,078 had been paid prior to the auditing of this account, and they allowed the full amount of the expense account, amounting to $399.86, leaving that balance due him at the time of the settlement of this account.

In 1878 the legislature passed an act allowing ten or more taxpayers the right to appeal from the report of the county auditors, and, in pursuance of this act of assembly, ten taxpayers of the county of Lycoming did appeal from the settlement of the auditors, alleging that the settlement with Mr. Nicely was not correct; and this issue, which the court awarded, was for the purpose of determining by the verdict of the jury

whether the settlement made by the county auditors with Mr. Nicely for the year 1894 is a correct statement of his account as county commissioner.

Under the act of May 7, 1889, the county commissioners of the several counties of the commonwealth, hereafter elected or appointed, shall be allowed and paid out of the county funds the sum of $3.50 each, for each and every day actually and necessarily employed in the discharge of the duties of their office. This act further requires the commissioners to submit to the county auditors a full itemized statement and account under oath of the days and nature of the business in which they were employed during the preceding year, and the county auditors shall audit, settle and adjust said account in the same manner as other accounts of the county commissioners are now audited and settled. It is provided in this act that the pay allowed by this act shall be in lieu of all other compensation and. charges for the individual services and expenses of said commissioners. If that had been the only legislation on the subject, then these items of necessary expense would not have been allowed to Mr. Nicely.

[The act of 7th of May, 1889, P. L. 189, was passed to cover all the charges and expenses of the county commissioners and to include their traveling expenses. But on the 13th of May, 1889, P. L. 200, the legislature passed another act which provides that "from and after the passage of this act, directors of the poor and county commissioners of this commonwealth shall be allowed their traveling expenses necessarily incurred in the discharge of their official duties, and the same shall be paid on warrants drawn in their favor on the county treasurer out of the county fund." We think it is very clear that the legislature by the passage of this act intended to allow the county commissioners their traveling expenses, coming either to the courthouse, or their traveling expenses incurred by them in any other part of the county where they were required to go in the discharge of their official duties. In this account of Mr. Nicely he would be entitled to charge the county whatever traveling expenses he necessarily incurred in the discharge of his official duties, whether coming to the courthouse to attend the meetings of the board of commissioners, or in going from the courthouse to his home, or when he went to any part of the county

where it was necessary for him to go in the discharge of his official duties as commissioner.] [1]

Now as to the item of the per diem allowance. [Mr. Nicely having submitted his account to the county auditors verified by oath as required by the act of assembly, containing an account of the days and of the nature of the business in which he was employed, and that account having been audited, adjusted and settled by the county auditors and there being nothing in the case to overcome the presumption that this was a proper charge, so far as stated in the account, or that these days were not actually employed in the discharge of his official duties, we say there is nothing here that would justify or authorize the jury in disallowing any portion of this account for his per diem allowance, except the two days which he charges in going to Pottsville to attend the convention of the county commissioners.] [2] There is nothing in the law authorizing such a convention. The commissioners' convention is called for the purpose of coming together to ascertain how the business is transacted in the various counties and for the purpose of gathering information, and there is no law authorizing the calling of such a convention. The two days for which Mr. Nicely has charged the county at the rate of $3.50 for attending that convention must be taken off the amount of days which would leave three hundred and six days at $3.50 per day. So far as that item is concerned the jury must allow the three hundred and six days at $3.50 per day when they come to determine what amount is due Mr. Nicely in the settlement of his account. [We desire to say to the jury that it is the duty of the county commissioners to attend to the business of the county whether much or little. That is what they are elected for, and they have no right to delegate their power or authority to the clerk. The act of assembly fixes the duties of the clerk. He is to keep the books and accounts of the board, record or file their proceedings or papers, attest all orders and warrants issued by them and perform all other acts pertaining to his office as clerk. Outside of this he has no other business but as mere clerk. And the commissioners have no right to intrust him with the discharge of any official duties in that office. It is their business to be there and attend to that business themselves, and they have no right to intrust him with it.] [3]

[So far as these necessary expenses are concerned, we say to you that under the act of assembly of May 13, 1889, Mr. Nicely would be entitled to charge traveling expenses from his home in the country and return, and whatever other traveling expenses he necessarily incurred in going through the county to attend to the business of the county.] [4] During the year 1894 by reason of a flood which occurred in May, 1894, a number of bridges in this county were swept away and put out of repair, and according to the testimony of J. F. Nicely it became the duty of the county commissioners to examine these bridges and to see that the work of rebuilding and repairing was going on properly. And he also states in his testimony that he went to Pittsburg and, I think, he went to Wilkes-Barre to examine bridges. Now, so far as these traveling expenses are concerned, Mr. Nicely cannot charge for more than he paid for the cost of transportation. That is all he is entitled to charge, the actual amount of traveling expenses. It would not cover his meals at the hotels. That is intended to be covered by the $3.50 a day, because he charged $3.50 a day in addition to the traveling expenses. [The $3.50 is to cover his personal expenses, which would be meals at the hotels, and his necessary expenses would be traveling on the cars to various points. And he is also entitled to charge in going to and from the courthouse to his home near Montoursville. Now what that item of expense would be is submitted to you to determine. What would be a fair and reasonable compensation.] [5] You have heard the testimony of Mr. Nicely that he charged a dollar. That does not fix the amount. Mr. Nicely could not keep a horse and buggy for that purpose alone, and then charge a dollar a day for its use in going to and from Montoursville, if it is not a fair and reasonable charge. The evidence is that he could have traveled from his home to Williamsport and return for some 24 cents. And it will be for you to determine what would be a fair and reasonable compensation for his traveling expenses. The traveling expenses he paid on the cars you should allow whatever he paid. If he paid but 2 cents a mile, he is only entitled to charge the county 2 cents. He could not buy a thousand mile ticket and use that in traveling, and then charge the county full rate. He would only be entitled to charge what he actually paid out. He would not be bound, however, to buy an excursion ticket.

He could buy a ticket one way and buy a ticket back in the opposite direction. If he chose he could buy a full rate ticket to Jersey Shore or any other point, and buy a full rate ticket back by another road. He would not be bound to buy an excursion ticket.

Now this is about all that we desire to say to you in this case, and you will dispose of it fairly under the evidence. [Mr. Nicely is an officer of this county, and is entitled to be fairly treated by the jury. As far as the per diem charge is concerned you will allow him three hundred and six days at $3.50 per day, and whatever expenses you think were necessarily incurred by him in traveling in the discharge of his duties, and ascertain what balance is due to Mr. Nicely in the settlement of this account. There will be a balance due Mr. Nicely under this settlement, and it will be for the jury to say what that balance is.] [6]

We have been requested by counsel for plaintiffs to instruct you as follows :

1. That this being an appeal from the report of the county auditors, and the defendant being the accounting officer, the burden is upon him to establish, by a preponderance of the evidence, that every day for which he claims to be paid was actually and necessarily employed by him in the year 1894 in the discharge of his official duties as county commissioner; and that the amount which he claims as expenses was for traveling expenses necessarily incurred in 1894 in the discharge of his official duties as county commissioner. *Answer :* This seems to involve two questions. We refuse the point as here stated. [7]

2. That the law allows to the county commissioners $3.50 for each and every day actually and necessarily employed by them in the discharge of the duties of their office; and before you can allow the defendant this compensation for each day for which he claims payment you must be satisfied from the evidence not only that he actually employed that day in the discharge of the duties of his office, but you must also be satisfied from the evidence that the condition of the affairs of the county was such as to require him to employ that day in the discharge of his official duties. *Answer :* That point is refused, because there is no evidence in the case to show that these days were not necessary, or that the business of the county did not require him to employ the time ; therefore this point is refused. [8]

3. That if you believe from the evidence that, aside from the time necessarily employed by the defendant in inspecting county bridges, the business appertaining to his office as county commissioner could have been performed, without detriment to the public interest, by his devoting two days in each week to that purpose, then you should allow him pay only for such time. *Answer:* That point is refused. There is no evidence to sustain this point. [9]

4. That the per diem allowance of $3.50 given to county commissioners by the act of assembly of May 7, 1889, is in lieu of all other compensation and charges for the individual services and expenses of said commissioners; and that the expenses of the defendant in coming from his home to the courthouse and returning each day are individual expenses and are not such traveling expenses as are made a charge upon the county by the act of May 13, 1889. *Answer:* This point is refused. We have already said to you he was entitled to charge for his expenses going home in the discharge of his duties as commissioner. [10]

5. You are instructed not to allow the defendant in your verdict the daily charge of $1.00 made by him as his expenses in coming from his home to the courthouse and returning. *Answer:* That is a question of fact for the jury to determine under the evidence—what would be necessary traveling expenses going to and from his home. [11]

6. That the charge of $1.00 per day made by the defendant against the county for the use of his own horse and buggy, in bringing him from his home to the courthouse and returning is in violation of the 66th section of the act of March 31, 1860, and is contrary to public policy. *Answer:* This point is refused. We see nothing in the act which brings this charge under the condemnation of that act. [12]

Verdict and judgment for defendant for $256.61. Plaintiffs appealed.

*Errors assigned* were (1–12) above instructions, quoting them.

*T. M. B. Hicks, W. H. Spencer* with him, for appellants.— County auditors act ministerially and the finality of their action

rests on positive enactment, and is not inherent like judicial action : Burns v. Clarion County, 62 Pa. 422.

To repeal a statute by implication, there must be a repugnancy between the provisions of the new law and the old, so positive as to be irreconcilable. In re Contested Election of Barber, 86 Pa. 392 ; Street v. Com., 6 W. & S. 209.

In the case of Howes v. Abbott, 20 Pacific Rep. 572, the decision of the Supreme Court of California is directly in point. on the question of such traveling expenses claimed for daily passage to and from home.

Neither the language of the statute, nor the construction put upon it in practice throughout the state, bears out the position of the court below that the commissioners are bound to be at their office every day for the transaction of the business of the company, whether little or much.

*Seth T. McCormick, J. F. Strieby* and *Henry C. McCormick* with him, for appellee.

OPINION BY MR. JUSTICE FELL, May 11, 1896 :

Two questions of importance are raised by the assignments of error in this case. One relates to the right of the appellee, a county commissioner of Lycoming county, to the allowance of $3.50 per day for each of the three hundred and six days on which he was in attendance at his office, and the other to the allowance of the daily expenses of travel from his home to his office.

The pay of county commissioners is fixed by the act of May 7, 1889, P. L. 109, and is "for each and every day actually and necessarily employed in the discharge of the duties of their office." There was an actual employment on each day for which a recovery was allowed, and the dispute was mainly as to the necessity of the employment. The office of county commissioner is an important one. In Vankirk v. Clark, 16 S. & R. 286, it was said: "The commissioners of a county are co-eval with the settlement of a county, are the public agents of the county with respect to all money concerns, and must necessarily possess an authority without any express grant from the legislature commensurate with their public trusts and duties." By numerous enactments they are charged with the perform-

ance of responsible duties, and are made liable to a fine for the neglect of any of them. The amount of work which they are required to do differs in different counties. In some counties a weekly, or perhaps a less frequent session of the board, is all that is necessary; while in others daily sessions are required. The presence at their office of one or all of the commissioners may be important when daily sessions are not necessary. It is their duty to keep their office open and be in attendance whenever it is necessary, and the necessity is not to be determined alone by the hours of actual labor or the amount of work done. The convenience of the public who have business with the office is to be considered, and the commissioners should be in attendance whenever their presence is required by the reasonable demands of public business. The duties of the commissioners cannot be delegated to their clerk. He is a clerk merely, with duties fixed by act of assembly. It is difficult to determine exactly where the line should be drawn to secure the proper service of the interest and convenience of the public on the one hand and to guard against an abuse of the office on the other. Each case must depend upon its own facts, and the necessity for attendance must be left largely to the discretion of the commissioners themselves. They are public officers, presumably acting in good faith, and the presumption is in favor of the correctness and regularity of all their official acts. Their conduct and their discretion as to attendance are subject to review on an appeal such as this, and where there is any evidence of an abuse for the purpose of unfairly increasing the emoluments of their office the question is for the jury. But to carry the question to the jury there must be some basis for a finding more substantial than a mere conjecture whether public officers could have done their work in a less number of days.

The appellee in this case was in actual attendance at his office on each day for which a charge has been allowed, there was a meeting of the board which he attended each day, and on all but nine days business requiring the action of the board was transacted. The work of the commissioners for the year had been largely increased by disastrous floods which had injured and destroyed bridges, and over $100,000 had been expended in repairing and rebuilding them. The account of the appellee, verified by his oath, had been submitted to the county auditors,

and by them audited, adjusted and settled; and there was not one word of testimony to show that his attendance for any day for which a recovery was had was not necessary. What then was there to submit to the jury upon this point? The affirmative of the issue was with the appellants, and they had failed to show that any of the charges, except for two days' attendance at a convention of county commissioners, which the court directed the jury to disallow, were improper. The sum of all the evidence is that if the work of the whole year had been lumped together it could have been performed in a comparatively few days. The duties of the commissioner are fixed by law; they arise day by day and are to be discharged day by day as they arise, and he is liable to severe penalties for the neglect of any of them. It would be manifestly unjust to allow a jury, after the services were performed and without evidence that they were not honestly and faithfully performed, to deprive him of his just compensation.

The right to an allowance for traveling expenses is given by the act of May 13, 1889, P. L. 200. Such a right cannot rest upon usage or custom: Albright v. County of Bedford, 106 Pa. 582. All general laws upon the subject were repealed by the act of May 7, 1889. Two acts relating to the subject were passed in that year. The act of May 7 fixes the compensation of county commissioners at $3.50 per day, and provides : " That the pay allowed by this act shall be in lieu of all other compensation and charges for the individual services and expenses of said commissioners." The act of May 13 allows county commissioners " their traveling expenses necessarily incurred in the discharge of their official duties." It will be observed that the first act allows nothing for individual services and expenses, and the second act allows traveling expenses incurred in the discharge of official duties. For the purposes of construction, as these acts relate to kindred subjects and were passed within a week of each other, the entire scope of the legislation should be considered. The second act does not repeal any part of the first, but supplies something for which it had not provided. The first act took away the right of allowance for all individual expenses; the second conferred the right to traveling expenses. It supplied an omission in the first act. An implied repeal is a question of intention, and the presumption against the intention

to repeal is strengthened by the fact that both acts were under consideration by the legislature at the same time.

If then the allowance for all individual expenses is forbidden, and only traveling expenses necessarily incurred in the discharge of official duties can be recovered, has the appellee a right to have repaid to him the expenses which he incurred each day in going from his home to his office and returning? These would seem to come under the head of individual expenses, the collection of which from the county is forbidden by the act of May 7. Whenever the official duties of the commissioner call him from his home or his office to different parts of the county, or it may be of the state, his traveling expenses are incurred in the performance of an official duty, and he is entitled to an allowance for them under the act of May 13. Such an expense, we think, is the only one within the meaning of the act. The purpose of the legislation to exclude all individual expenses and to allow only for traveling expenses incurred in the discharge of an official duty seems to be clear. Of the former the officer knew when he accepted the office, and he took it with the additional burden which his place of residence might impose. Of the latter he could not know certainly, as it would depend upon future exigencies, and it was a burden which might be made greater or less by the requirements of his official duties.

The assignments of error which relate to this subject are sustained, and the judgment is reversed with a venire facias de novo.