# Commonwealth ex rel., Appellant, *v.* Moore.

*Public officers—Compensation—County commissioners—Traveling expenses—Meals—Acts of May 7, 1889, P. L. 109, May 13, 1889, P. L. 200, and April 14, 1905, P. L. 167.*

1. Under the Acts of May 7, 1889, P. L. 109, May 13, 1889, P. L. 200, and April 14, 1905, P. L. 167, county commissioners cannot include meals as "traveling expenses necessarily incurred in the discharge of their official duties." The statutes limit them to transportation expenses, and nothing more.

*Statutes—Repeal—Implied repeal.*

2. An implied repeal of a statute is a question of intention, and the presumption against the intention to repeal is strengthened by the fact that both acts were under consideration by the legislature at the same time.

Argued Nov. 21, 1911. Appeal, No. 11, Oct. T., 1911, by plaintiff, from order of C. P. Bradford Co., Dec. T., 1910, No. 43, refusing mandamus in case of Commonwealth ex rel. L. H. Marsh v. Frank N. Moore. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Petition for mandamus. Before FANNING, P. J.
The opinion of the Superior Court states the case.

*Error assigned* was order refusing mandamus.

*Rodney A. Mercur,* for appellant, cited: Devlin's App., 38 Pa. C. C. Rep. 73.

*W. P. Wilson,* for appellee, cited: Albright v. Bedford County, 106 Pa. 582; Mansel v. Nicely, 175 Pa. 367; McKean County v. Young, 11 Pa. Superior Ct. 481; Union County v. Benner, 19 Pa. Dist. Rep. 336; Brown v. Wingert, 38 Pa. C. C. Rep. 481.

OPINION BY MORRISON, J., March 1, 1912:
This is an application by the relator for a mandamus to

the county treasurer commanding him to pay an order issued by the county commissioners to the relator for a sum of money alleged to be due and owing to him by the county. The learned court below refused the mandamus, without prejudice to the rights of the relator to collect the balance of his bill, because a portion of the money, for which the order was issued, was paid out for meals purchased by the relator, while county commissioner engaged in the discharge of his official duties. From this decision of the court the relator appealed.

It is conceded that the learned court below found the facts correctly and in our opinion the court reached a correct conclusion of law upon these facts. The questions raised by the appellant arise under the following Acts of assembly to wit: May 7, 1889, P. L. 109; May 13, 1889, P. L. 200; and April 14 1905, P. L. 167. The first cited act provides: "That the county commissioners of the several counties of this commonwealth, hereafter elected or appointed, shall be allowed and paid out of the county funds, the sum of $3.50 each, for each and every day actually and necessarily employed in the discharge of the duties of their office. . . . Provided, That the pay allowed by this Act shall be in lieu of all other compensation and charges for the individual services and expenses of said commissioners."

Six days thereafter the second cited act became a law and it reads: "That from and after the passage of this Act, directors of the poor and county commissioners of this commonwealth shall be allowed their traveling expenses necessarily incurred in the discharge of their official duties, and the same shall be paid on warrants drawn in their favor on the county treasurer out of the county funds." In Mansel et al. v. Nicely, 175 Pa. 367, the Supreme Court, speaking through Mr. Justice FELL, said in relation to these acts: "It will be observed that the first act allows nothing for individual services and expenses, and the second act allows traveling expenses incurred in the discharge of official duties. For the purposes of con-

struction, as these acts relate to kindred subjects and were passed within a week of each other, the entire scope of the legislation should be considered. The second act does not repeal any part of the first, but supplies something for which it had not provided. The first took away the right of allowance for all individual expenses; the second conferred the right to traveling expenses. It supplied an omission in the first act. An implied repeal is a question of intention, and the presumption against the intention to repeal is strengthened by the fact that both acts were under consideration by the legislature at the same time."

The next act upon this subject is the above cited one of April 14, 1905, and its manifest purpose was to fix the salaries of county commissioners in accordance with the population of the several counties. It is conceded that the salary of a county commissioner, in the county of Bradford, under that act, is $1,200 per annum. That act contains the following: "The salaries herein fixed shall be in full, and in lieu of all other compensation, for the services of county commissioners, except traveling expenses necessarily incurred in the discharge of their official duties," etc.

We are unable to discover in this act anything warranting an inference that the legislature intended to change the law, as it previously existed in regard to the traveling expenses of county commissioners. The language seems to us to be practically identical, in its meaning, with the language above quoted from the act of May 13, 1889. Now upon the question of whether this language provides for anything more than traveling, that is, transportation expenses of commissioners, it is important to consider that it had been judicially determined about fifteen years prior to the passage of the act of April 14, 1905, that the expenses referred to were limited to transportation expenses and did not include meals, hotel bills and personal expenses of a county commissioner. It is certainly fair to presume that the legislature had knowledge, in 1905, of

this judicial construction and if it had been the legislative intent to allow other expenses, by the provisions of the act of 1905, it is inconceivable that practically the same language was used that was found in the act of 1889. If it had been the intention to allow expenses in addition to transportation it would have been perfectly easy to have said so in a few words. We therefore conclude that the act of 1905 was not intended to work any change in the law as to the expenses which a county commissioner could recover from his county.

The contention of the appellant is that since the passage of the Act of April 14, 1905, P. L. 167, a county commissioner is entitled, in addition to traveling expenses necessarily incurred in the discharge of his official duties, to his hotel bills and necessary incidental personal expenses while in the discharge of such duties. We cannot agree with this contention, and if this question is to be allowed to rest on decided cases, and thus give effect to the doctrine of stare decisis, this point must be considered settled.

In Mansel et al. v. Nicely, 175 Pa. 367, decided in 1896, the construction of the acts of May 7, 1889, and May 13, 1889, were before the Supreme Court. That case was tried before the late Judge MAYER, of the twenty-fifth judicial district. In it Judge MAYER expressly held as follows: "Now, so far as these traveling expenses are concerned, Mr. Nicely cannot charge for more than he paid for the cost of transportation. That is all he is entitled to charge, the actual amount of traveling expenses. It would not cover his meals at the hotels. That is intended to be covered by the $3.50 a day, because he charged $3.50 a day in addition to the traveling expenses." That case was reversed by the Supreme Court on other grounds and it has been contended that the Supreme Court did not affirm Judge MAYER's decision on that point. It is true, technical speaking, but in our opinion it is fairly to be inferred from the language of the opinion that the Supreme Court did agree with Judge MAYER on the point in question. We quote from the opinion: "Whenever the official duties of

the commissioner call him from his home or his office to different parts of the county, or it may be of the state, his traveling expenses are incurred in the performance of an official duty, and he is entitled to an allowance for them under the act of May 13. Such an expense, we think, is the only one within the meaning of the act. The purpose of the legislation to exclude all individual expenses and to allow only the traveling expenses incurred in the discharge of an official duty seems to be clear." In 1899 the same question was before our own court in McKean County v. Young, Commissioner, 11 Pa. Superior Ct. 481. That case was tried in the common pleas of MeKean county and it was there held, in effect, that traveling expenses meant transportation only, and that it did not include hotel bills and personal expenses of the commissioner while he was engaged in the discharge of his official duties. The Superior Court affirmed the judgment of the court below and we quote a single paragraph from the opinion of our late Brother SMITH which for conciseness and clearness could be hardly improved. "The hotel bills, though incurred in the transaction of county business, cannot be regarded as part of the traveling expenses for which the statute provides. A charge for board, while transacting county business at the county seat, is not a 'traveling expense' within the meaning of the act, and a charge for board while transacting business elsewhere stands on no different footing. We regard the statute as providing only for the cost of transportation; the cost of subsistence, wherever incurred, is provided for by salary or a per diem compensation. The scale of living is peculiarly a personal matter, and varies so largely, with the tastes and habits of individuals, that a satisfactory standard cannot well be established. The law therefore leaves each to fix it at his own discretion and at his own expense."

The learned counsel for appellant relies with much apparent confidence upon a common pleas decision made since the passage of the act of April 14, 1905. We have examined that opinion, which is printed in the paper-book,

and have considered it, together with the argument of the counsel, and all we care to say in regard to it is that it is in direct conflict with the other adjudicated cases and especially with our own case of McKean County v. Young, Commissioner, 11 Pa. Superior Ct. 481, and we discover nothing in that opinion or the argument of the counsel which convinces us that we ought to overrule, modify or reverse our own case.

We are all of the opinion that the court below reached a correct conclusion, and the assignment of error is dismissed, and the decree is affirmed at the cost of the relator, L. H. Marsh.