## Coleman v. Clinton County.

*Public officers — Compensation — County commissioners — Mileage — Expenses to and from home—Act of June 7, 1917.*

1. Where the compensation of a public officer is fixed by statute, the officer cannot recover additional compensation for expenses incurred incident to the performance of his official duties.

2. Under the Act of June 7, 1917, P. L. 570, in counties having a population of between 20,000 and 50,000, a county commissioner is not entitled, in addition to his salary, to the expenses incurred in going from his home to his office in the county-seat and returning. Mansel v. Nicely, 175 Pa. 367, considered and followed.

3. Legislation relating to the compensation of county commissioners reviewed.

Case stated. C. P. Clinton Co., April T., 1924, No. 5.

John B. Myers, for plaintiff; T. M. Stevenson, for defendant.

BAIRD, P. J., May 1, 1924.—The facts as they have been agreed upon by the parties in a case stated may be briefly summarized as follows:

Coleman v. Clinton County.

The plaintiff, since Nov. 14, 1923, has been, and now is, one of the County Commissioners of Clinton County; he resides at Renovo, twenty-nine miles distant from Lock Haven, the county-seat; from the time of his appointment until, and including, Jan. 25, 1924, he made eighteen trips on different days from his home in Renovo to the county-seat for the purpose of discharging the duties of his office; that upon each of said trips he expended the sum of $2 for carfare in traveling from his home to the county commissioners' office and returning, the aggregate of such expenditures being $36; and that the population of Clinton County is over 20,000 and under 50,000 inhabitants.

If the court be of opinion that the plaintiff is entitled to be recompensed for the moneys so expended by him, then judgment is to be entered in his favor and against the defendant for said sum of $36, but if not, judgment is to be entered for the defendant, the costs to follow the judgment.

The decision of the question thus presented involves the construction of the Act of June 7, 1917, P. L. 570. It provides in its first section that the salary of each member of the board of commissioners in the several counties shall be as follows: ". . . In counties having a population of twenty thousand and over, and less than fifty thousand inhabitants, one thousand dollars; and where such county commissioners are also directors of the poor, then eighteen hundred dollars. . . ." Section 2 provides that: "The salaries herein provided for shall be paid out of the treasuries of the respective counties, and shall be in full and in lieu of all other compensation for the services of county commissioners, except expenses necessarily incurred in the discharge of their official duties, or in the performance of any service, office or duty imposed upon county commissioners." This act specifically repeals, among others, an act entitled, "An act fixing the salaries and providing for the expenses of county commissioners in counties of this Commonwealth," approved April 14, 1905, P. L. 167, and also repeals all other acts and parts of acts inconsistent therewith.

Prior to the Act of April 14, 1905, P. L. 167, and subsequent to May 13, 1889, the compensation and expenses to which a county commissioner of this county was entitled were fixed by the Acts of May 7, 1889, P. L. 109, and May 13, 1889, P. L. 200. The first of these acts fixed the compensation of county commissioners in counties to which it applied at $3.50 per day, and made no provision for the payment of mileage or expenses of any kind. On the contrary, it contained a proviso "that the pay allowed by this act shall be in lieu of all other compensation and charges for the individual services and expenses of said commissioners." Six days later, another act was passed, which provided that directors of the poor and county commissioners shall be allowed "their traveling expenses necessarily incurred in the discharge of their official duties:" Act of May 13, 1889, P. L. 200. Afterwards, in Mansel et al. v. Nicely, 175 Pa. 367, the question arose whether a county commissioner was entitled to the expenses which he incurred each day in going from his home to his office and returning. In determining the question, the Supreme Court said (pages 376-77):

"The right to an allowance for traveling expenses is given by the Act of May 13, 1889, P. L. 200. Such a right cannot rest upon usage or custom: Albright v. County of Bedford, 106 Pa. 582. All general laws upon the subject were repealed by the Act of May 7, 1889. Two acts relating to the subject were passed in that year. The Act of May 7th fixes the compensation of county commissioners at $3.50 per day, and provides: 'That the pay allowed by this act shall be in lieu of all other compensation and charges

for the individual services and expenses of said commissioners.' The Act of May 13th allows county commissioners 'their traveling expenses necessarily incurred in the discharge of their official duties.' It will be observed that the first act allows nothing for individual services and expenses, and the second act allows traveling expenses incurred in the discharge of official duties. For the purpose of construction, as these acts relate to kindred subjects and were passed within a week of each other, the entire scope of the legislation should be considered. The second act does not repeal any part of the first, but supplies something for which it had not provided. The first act took away the right of allowance for all individual expenses; the second conferred the right to traveling expenses. It supplied an omission in the first act. An implied repeal is a question of intention, and the presumption against the intention to repeal is strengthened by the fact that both acts were under consideration by the legislature at the same time.

"If, then, the allowance for all individual expenses is forbidden and only traveling expenses necessarily incurred in the discharge of official duties can be recovered, has the appellee a right to have repaid to him the expenses which he incurred each day in going from his home to his office and returning? These would seem to come under the head of indivdiual expenses, the collection of which from the county is forbidden by the Act of May 7th. Whenever the official duties of the commissioner call him from his home or his office to different parts of the county, or, it may be, of the State, his traveling expenses are incurred in the performance of an official duty, and he is entitled to an allowance for them under the Act of May 13th. Such an expense, we think, is the only one within the meaning of the act. The purpose of the legislation to exclude all individual expenses and to allow only for traveling expenses incurred in the discharge of an official duty seems to be clear. Of the former, the officer knew when he accepted the office, and he took it with the additional burden which his place of residence might impose. Of the latter, he could not know certainly, as it would depend upon future contingencies, and it was a burden which might be made greater or less by the requirements of his official duties."

These Acts of 1889 were followed by the Act of April 14, 1905, P. L. 167, which placed the compensation of county commissioners on a salary basis and provided that "The salaries herein fixed shall be in full and in lieu of all other compensation for the services of county commissioners, except traveling expenses necessarily incurred in the discharge of their official duties, . . . or in the performance of any service, office or duty imposed upon county commissioners," and repealed all general and special acts, or parts thereof, inconsistent therewith. There can be no doubt that the Act of May 7, 1889, P. L. 109, was repealed by the Act of April 14, 1905, P. L. 167, as the provisions of the former are entirely inconsistent with those of the latter. Under the former, the county commissioners were paid on a *per diem* basis, with no allowance for expenses of any kind. Under the latter, they were paid on a salary basis, with an allowance for traveling expenses necessarly incurred in the discharge of their official duties, &c. So far as the Act of May 13, 1889, P. L. 200, is concerned, it is immaterial whether it was or was not repealed by the Act of April 14, 1905, P. L. 167, as its provisions in regard to the allowance of expenses were practically re-enacted by the said Act of 1905, the only difference being that to the words "traveling expenses necessarily incurred in the discharge of their official duties" in the Act of May 13, 1889, were added the words "or in the performance of any service, office or

duty imposed upon county commissioners" by the Act of 1905. We are unable to attach to the latter phrase any meaning which is not embraced in the former, and such was the conclusion to which the Superior Court came in Com. *v.* Moore, 49 Pa. Superior Ct. 321. Referring to the Act of 1905, Judge Morrison said in that case (page 323) : "We are unable to discover in this act anything warranting an inference that the legislature intended to change the law as it previously existed in regard to the traveling expenses of county commissioners. The language seems to us to be practically identical in its meaning with the language above quoted from the Act of May 13, 1889."

Independently of the proviso in the Act of May 7, 1889, that the pay allowed thereby should be "in lieu of all other compensation and charges for the individual services and expenses of said commissioners," the decision of the Supreme Court in Mansel et al. *v.* Nicely, 175 Pa. 367, must have been the same. By this proviso the commissioners were deprived of nothing to which they would have been entitled had it been omitted. It is true that in the Mansel case Mr. Justice Fell did say, referring to the Acts of May 7th and May 13, 1889: "The first took away the right of allowance for all individual expenses; the second conferred the right to traveling expenses." The mere omission of the proviso from the Act of May 7, 1889, would have had the same effect. Where the compensation of a public officer is fixed by statute, the officer cannot recover additional compensation for expenses incurred by him incident to the performance of his official duties: Albright *v.* Bedford County, 106 Pa. 582. In that case Mr. Chief Justice Mercur, delivering the opinion of the court, said (pages 587-88) :

"The Act of April 15, 1834, provides that 'the commissioners of each county shall respectively receive out of the county treasury the sum of one dollar and fifty cents for each day they shall necessarily attend to the duties of their offices.' The Act of May 7, 1864, declares 'That from and after the passage of this act the county commissioners of Bradford County shall receive out of the county treasury the sum of two dollars for each and every day necessarily employed by them, or either of them, in attending to the duties of their offices: Provided, that the said allowance of two dollars *per diem* shall be paid only for any number of days in each year not exceeding seventy-five; and if a greater number of days shall be served, then the said commissioners shall receive for the additional days necessarily served in the discharge of their duties the same *per diem* pay now allowed by law.'

"The language of these acts is clear and positive; their unmistakable purpose is to fix the entire compensation which the commissioners can draw from the county treasury. Not only shall they be paid by the day, but for the whole time they are necessarily employed in attending to the duties of their offices they shall be thus paid. There is no provision for any other or different pay. No allowance for mileage, traveling expenses or boarding bills is prescribed."

In Mansel et al. *v.* Nicely, 175 Pa. 367, Mr. Justice Fell, in the course of his opinion, referring to the expense incurred by a county commissioner in going from his home to his office and returning, said: "These would seem to come under the head of individual expenses, the collection of which from the county is forbidden by the Act of May 7th." In our opinion, for the reasons stated in Albright *v.* Bedford County, 106 Pa. 582, such expenses would have been as effectually forbidden by the Act of May 7, 1889, had that act been entirely silent in regard to them. Its repeal, therefore, worked no change in the general law on the subject. It restored nothing to which

Coleman *v*. Clinton County.

county commissioners, subject to its provisions, were formerly entitled. We have, therefore, to consider only the provision in the Act of June 7, 1917, P. L. 570, which allows "expenses necessarily incurred in the discharge of their official duties or in the performance of any service, office or duty imposed upon county commissioners." The only substantial difference between this language and that contained in the Act of May 13, 1889, which was construed by the Supreme Court in the Mansel case, is that, under the Act of 1889, the expenses to which county commissioners were entitled were limited to "traveling" expenses; whereas, under the Act of 1917, there is no such restriction, the word "traveling" being omitted therefrom, but, of course, traveling expenses are included in the latter. Probably, under the Act of 1917, other expenses than traveling expenses, such as meals and lodging, incurred by county commissioners, whenever their official duties call them from their home or their office to different parts of the county or of the State, are also allowable, but this question is not before us, and we think that, with this exception, what Mr. Justice Fell said in regard to the Act of May 13, 1889, is equally applicable to the Act of 1917. What he said of the said Act of 1889 was: "Whenever the official duties of the commissioner call him from his home or his office to different parts of the county, or, it may be, of the State, his traveling expenses are incurred in the performance of his official duty, and he is entitled to an allowance for them under the Act of May 13th. Such an expense, we think, is the only one within the meaning of the act."

This is the way the Mansel case was interpreted by the Superior Court in McKean County *v*. Young, 11 Pa. Superior Ct. 480. Judge Smith there said (page 489) : "In Mansel et al. *v*. Nicely, 175 Pa. 367, it was held that this (Act of May 13, 1889) applied only to traveling expenses incurred by a commissioner 'when his official duties call him from his home or his office to different parts of the county, or, it may be, of the State,' and did not include the expenses incurred in going from his home to his office and returning."

Except that the proceeding there was under the Act of 1905, the precise question now before us was considered by the late Judge McClure in Union County *v*. Benner, 19 Dist. R. 336, and the conclusion at which he arrived is emphatically stated in these words: "And, as the Supreme Court has held that a commissioner's expenses going from his home to the office and returning are not included in the expense allowed by the Act of 1889 (May 13th, P. L. 200), the conclusion follows irresistibly that they are not within the exception of the Act of 1905."

It is a fair inference that if the legislature had intended that county commissioners should be reimbursed for their traveling expenses in going from their homes to the office and returning, that intention would have been expressed in plain terms, and especially is this true in view of the decision of the Supreme Court, rendered nine years prior to the Act of 1905 and twenty-one years prior to the Act of 1917.

No difficulty was experienced by the legislature in making it clear to what extent county auditors and jury commissioners, whose duties similarly require them to travel between their homes and the county-seat, should be reimbursed for such expenditures. In the case of county auditors, by the Act of July 19, 1917, P. L. 1115, they are allowed the sum of $5 each for each and every day necessarily employed in the discharge of their duties, "together with six cents per mile, circular, from and to their homes, once for each and every week so employed," and in the case of jury commissioners, by the Act of June 25, 1913, P. L. 567, they are allowed $4 per day and "four cents per mile, circular, from the residence of the commissioners to the court-house."

We are not unaware of the hardship which the law, as we construe it, imposes upon county commissioners who reside at a distance from the courthouse, but it is one of the burdens of the office in such case, and the remedy for it, if any be desired, is legislative, rather than judicial.

And now, May 1, 1924, judgment is entered for the defendant, with costs.

From W. E. Shaffer, Lock Haven, Pa.