## Reimel v. Monroe County.

*Public officers—County commissioners—Compensation—Mileage—Meals—Expenses—Act of June 7, 1917.*

1. The Act of June 7, 1917, P. L. 570, makes no provision for the payment of mileage to a county commissioner incurred in going from his home to his office and return.

2. Nor does the act provide for meals and lodging at the county-seat paid by a county commissioner.

3. A county commissioner will not be allowed a claim for expenses where the items in his account are not stated with sufficient clearness to enable the court to determine whether or not they are proper expenses necessarily incurred in the performance of official duties.

Case stated. C. P. Monroe Co., May T., 1924, No. 35.

*Rhodes & Gearhart*, for plaintiff.

*J. B. Williams*, County Solicitor, for defendant.

SHULL, P. J., Feb. 23, 1925.—This matter comes before the court on a case stated; the facts agreed upon and issue submitted by the parties are as follows:

1. The plaintiff, Stewart Reimel, is a resident of the State of Pennsylvania, County of Monroe, and was one of the Commissioners of Monroe County from the first Monday of January, 1920, to the first Monday of January, 1924, inclusive.

2. Otto Ruehlman, E. L. Kemp and C. K. Primrose are residents of the State of Pennsylvania, County of Monroe, and are the duly elected and qualified Commissioners of the County of Monroe.

3. On Dec. 31, 1923, the said Stewart Reimel, being then one of the Commissioners of Monroe County, received on account of his expenses for the year 1923, from the said County of Monroe, the amount of $661.21.

4. On Feb. 25, 1924, M. S. Besecker, A. C. Troch, A. G. B. Hunt, Auditors of the said County of Monroe, filed in the office of the Prothonotary of said County of Monroe statement of their audit for the said County of Monroe for the fiscal year of 1923, in which was included a statement of the audit of the account of the said Stewart Reimel as Commissioner of Monroe County for the period extending from Jan. 2, 1923, to Jan. 7, 1924.

5. That in the statement of the audit so as aforesaid filed in the office of the Prothonotary in and for the County of Monroe, the said auditors surcharge the said Stewart Reimel with the sum of $661.21.

6. That on April 16, 1924, the said Stewart Reimel appealed from the surcharge made by the Auditors of Monroe County, said appeal and bond accompanying the same having been filed in the Court of Common Pleas of Monroe County to the above number and term, to wit, No. 35, May Term, 1924, on April 16, 1924.

The Act of June 7, 1917, P. L. 570, provides, *inter alia*, as follows: "Section 2. The salaries herein provided for shall be paid out of the treasuries of the respective counties and shall be in full and in lieu of all other compensation for the services of county commissioners, except expenses necessarily incurred in the discharge of their official duties, or in the performance of any service, office or duty imposed upon county commissioners."

It is under this section of the Act of 1917 that these issues are raised.

The bill submitted by the plaintiff and which was disallowed by the county auditors, being attached to the statement in this case, sets forth 100 items in a manner about as follows:

Reimel v. Monroe County.

"January 2.  Office Stroudsburg and official
          duties       20 miles
"March 23.  Office Stroudsburg and Analomink
                  28 miles

these items showing a total of 2504 miles and entered in the statement of the commissioner as submitted. Immediately following this total is a charge as follows: "Charge 22c per mile on total mileage as shown above equals $550.88."

Nowhere in the Act of 1917 can we find any allowance of mileage to a county commissioner, either at the rate of 22 cents per mile or at any other fixed rate per mile. The act does provide for the payment of "expenses necessarily incurred in the discharge of their official duty," and to be reimbursed for such expenses it is necessary that the commissioner present a statement setting forth the actual expenses incurred by him in the performance of his duties, that the county auditor and other officers whose duty it may become to pass upon the justness of such charge for expenses may know whether or not the law provides for the payment of the same. Such account should set forth not only the date, day and amount of the actual expenditure, but the particular official duty in the performance of which they were incurred.

The acts of assembly previous to the Act of 1917, which is now in force, have been construed by the courts, and the construction of some of the issues raised under them undoubtedly applies and should be followed in the construction of similar issues raised under the Act of 1917.

The Supreme Court of Pennsylvania, in the case of Mansel et al. v. Nicely, 175 Pa. 367, and the Superior Court, in the case of McKean County v. Young, 11 Pa. Superior Ct. 481, in passing on the Act of 1889, "held that traveling expenses, when incurred by the county commissioner, when his official duties called him from his home or his office to different parts of the county, or, it may be, of the State, did not include the expense incurred in going from his home to his office and return."

As we see it, this same principle must be applied to the items paid by the commissioner for meals and lodging at the county seat, which are included in the account submitted by the commissioner in this instance. These items are in their very nature individual expenses as distinguished from expenses necessarily incurred in the discharge of official duty.

The legislature has, in the case of other officers, where it was their intent to compensate or reimburse an officer for the expense of travel from his home to his office, specifically so provided, as in the case of jury commissioners and county auditors, and had that been the intention of the legislature under the Act of 1917, it could easily have been clearly expressed, as in the instances cited. It is not so expressed, and, therefore, we may not read into that act what we cannot find to have been the purpose of the legislature to enact.

There are other items in this account, i. e.:

June 17.  For dinner, Silfies Hotel ......................... $3.00
January 16.  Stage Hire, Firman Singer .................... .50
Auto Hires, James Rupert ............................. 2.00
Telephone Rental ...................................... 20.00

These items cited are but several of a considerable number shown in the account which perhaps do not relate to travel from the home of the commissioner to the commissioners' office, but from the manner in which this account is stated, it is impossible for the court to determine whether or not they are necessary expenses incurred in the discharge of official duty. Therefore, being

Reimel v. Monroe County.

of the opinion that the commissioner is not, under the Act of 1917, entitled to mileage at the rate of 22 cents per mile, as charged, either in traveling from his home to the commissioners' office in Stroudsburg or in the performance of any official duty, nor to mileage at any other fixed rate, and being further of the opinion that, under the said act, a commissioner cannot be reimbursed by the County of Monroe for the expenditure for meals and lodging while at the county seat, where the commissioners' office is situated; and, further, the other items in the account not being stated with sufficient clearness to enable us to determine whether or not they are proper expenses necessarily incurred in the performance of official duties, we cannot determine that the plaintiff should be allowed any credit on the surcharge as made by the Auditors of the County of Monroe.

And now, Feb. 23, 1925, judgment for defendant, with costs.

From C. C. Shull, Stroudsburg, Pa.