## American Telephone & Telegraph Company's Petition

*J. B. Held,* for petitioner.

LAUB, J., May 14, 1946.—We are asked by this petition to approve the entry of the County of Erie into a contract with the American Telegraph & Telephone Company of Pennsylvania. A rule to show cause was granted April 15, 1946, pursuant to the presentation of the petition by the board of county commissioners.

The petition alleges that on September 5, 1944, certain lands in Greenfield Township were sold to the county at a county treasurer's sale for unpaid taxes. The petition further alleges that the record owners of said lands have entered into a contract with the American Telegraph and Telephone Company of Pennsylvania in which agreement the record owners grant and convey to the company a right of way and easement to construct, operate, maintain, etc., underground cables, wires and conduits over said property. It is further averred that the County of Erie is desirous of entering into a similar agreement with the company and of applying the consideration therefor on account of delinquent taxes. Our approval of such an agreement is requested by the commissioners. Neither the executed

contract of the record owners nor the prospective contract of the county was attached to the petition.

Contracts between municipalities and public utilities are subject to the approval of the Public Utilities Commission: Public Utility Law of May 28, 1937, P. L. 1053, article IX, sec. 911, 66 PS §1351. The commission's jurisdiction is exclusive: Crown Products Co. v. Pennsylvania P. U. C. et al., 152 Pa. Superior Ct. 345, 356, 357. It is, therefore, apparent that we have no power to approve the contract. We do not imply, however, that the Act of 1937 is our sole reason for refusing to act. Under The General County Law of May 2, 1929, P. L. 1278, article II, sec. 22(c), 16 PS §22(c), the county is given express authority to make such contracts as may be necessary for carrying into execution the law relating to counties. Section 23 of the same act vests the corporate power of each county in a board of county commissioners. Therefore, the power to make proper contracts rests with the commissioners. Although in this regard their power is not necessarily limited since they derive much of their authority apart from statute law (McKean County v. Young, 11 Pa. Superior Ct. 481, 489) their right to encumber the premises herein involved is doubtful, for, as public agents, their actions must be commensurate with the scope of their duties. Since the Act of May 18, 1945, P. L. 685, 72 PS §6153.1, the county has the express statutory right to encumber property in certain instances where the redemption period has elapsed, and in such a case the approval of the court is not required. However, in the instant case the redemption period has not elapsed. Thus, by the application of the maxim, expressio unius est exclusio alterius, we conclude that it was not the legislative intent to permit counties to encumber property held by virtue of a tax sale and while the redemption period is still in force.

In the absence of any known duty impressed upon us in the premises, the rule must be discharged.

And now, to wit, May 14, 1946, the rule granted April 15, 1946, to show cause why the court should not approve the entry of the County of Erie into an agreement with the American Telegraph & Telephone Company of Pennsylvania for the granting of easements over county-owned property where the right of redemption has not expired, is discharged.