County of Cumberland *v.* D. S. Mohler, S. L. Eppley, J. H. Ployer, Directors of the Poor, etc., of Cumberland County for the year 1896, Appellants.

*Public officers—Poor directors—Public moneys—Unauthorized use.*

Statutory authority ,either in express terms or by necessary implication is required for all claims upon the public treasury.

The directors of the poor are not authorized by law to defray from the public funds the hotel expenses and railroad fares of their attorney, treasurer, etc., while attending an annual convention of the directors of the poor of the state. There being no direct authority for such use of public money, it is improper and illegal.

Argued March 16, 1898. Appeal, No. 33, March T., 1898, by poor directors of Cumberland county, from judgment of C. P. Cumberland Co., in favor of plaintiff on case stated. Before Rice, P. J., Wickham, Beaver, Reeder, Orlady, Smith and Porter, JJ. Affirmed.

Case stated. Before E. W. Biddle, P. J.

The facts sufficiently appear in the opinion of the court.

Defendants were surcharged by the county auditors with the sum of $80.57, being the expenses incurred by their attorney, treasurer and steward in attending their annual convention in October at Pittsburg.

Judgment in favor of plaintiff for the amount of surcharge. Defendants appealed.

*Error assigned* was entering judgment in favor of plaintiff on case stated.

*R. W. Woods,* for appellant.—The directors of the Poor and House of Employment of Cumberland county are elected under the special Act of Assembly approved February 12, 1829, P. L. 38, and supplements thereto.

Appellants contend that under the poor laws of Pennsylvania with them rested the discretionary power whether, in their opinion, it would be beneficial for the poor district of Cumberland county to have the directors of the poor and their

officers attend said annual convention, and having exercised that discretion, the county auditors had no right to surcharge them with the amount in dispute, there being no allegation of fraud or collusion : Mogel v. Berks County, 154 Pa. 14.

The expenses of said convention are borne by the counties who send representatives. The county auditors themselves admit the advantage of said conventions by passing the bill for a pro rata share of the expenses incurred by the directors, but endeavor to delegate to themselves the discretionary power of whether the directors should take their officers with them or not.

Appellants contend that with the directors rested the discretionary power whether they and their officers should attend said annual conventions or not, and not with the county auditors.

Appellants further contend that this case is ruled and governed by the opinion delivered by Justice WILLIAMS in Mogel v. Berks County, 154 Pa. 14, and that the judgment as entered by the court should be reversed, costs to be paid by plaintiffs.

*Chester C. Bashore*, for appellee.—The county auditors are officers of the county and, as such, it is their duty to take notice of illegal disbursements of the public funds. They are the only protection the people have against the illegal acts of those who have charge of their pecuniary interests: Commissioners v. Lycoming County, 46 Pa. 496.

The appellants further contend that the directors of the poor of 1896 followed the precedent established for many years ; that nearly all of the counties of Pennsylvania send their directors of the poor and officers to attend said annual conventions, and therefore the opinion as to the advisability of attending said conventions is concurred in by the opinion of the previous directors, and directors of other counties throughout the state.

We reply that neither usage nor custom can make the county liable. It has been decided that " a custom, however venerable, cannot legally impose a liability upon the county for the payment of money out of the county funds: " Albright v. Bedford County, 106 Pa. 583.

OPINION BY ORLADY, J., July 29, 1898:

The effort to apply the public funds in defraying the hotel expenses and railroad fares of the attorney, treasurer, secretary and steward of the board of directors of the poor, while attending an annual convention of the directors of the poor of the state, was met by surcharging the directors of the poor of Cumberland county in the account submitted by them to the county auditors. A case stated was then agreed to and the conclusion reached by the county auditors was approved by the court in entering a judgment in favor of the county against the directors of the poor. It was not alleged that the money claimed had not been expended by the appointees of the board, nor that there was any intended fraudulent design on the part of the interested parties.

The directors of the poor claim that in the exercise of a certain discretionary power incident to their office, and by virtue of the statutory authority "to provide all things necessary for the reception, lodging, maintenance, and employment of said poor," they had the right to take with them the designated appointees to the annual meeting of the directors of the poor of the state, and to charge to the public funds the proper expenses of their attendance.

The full answer to such argument is that there is no direct authority by statute for this use of the public money, and that without such authority the application is improper. They cannot in this way appropriate the public money, however meritorious the use may be in their minds or in ours. It would be but a short step further in the same direction to have clerks, stenographers, superintendents, matrons and other employees in attendance at the state convention, who are as much contemplated, as the officers who did accompany the directors. The traveling expenses of the directors of the poor necessarily incurred in the discharge of their official duties are to be paid out of the county funds only because the act of May 13, 1889 so directs and the omission to name the attorney and other employees of the board in that act is a sufficient reason for stating that the legislature did not intend that their expenses should be paid.

The judgment is affirmed.