## Commonwealth ex rel., Appellants, *v.* Gingrich.

*Municipalities—Furnishing entertainment to citizens and guests.*

A public corporation cannot make a contract to provide an entertainment for its citizens and guests.

*Municipalities—Cities of the third class—Entertainment of guests—Discretion of controller.*

A controller of a city of the third class does not exceed the discretion vested in him in refusing to approve bills for expenses incurred for refreshments, entertainments and dinners of delegates to a convention of a voluntary association known as "The League of Cities of the Third Class in Pennsylvania," organized for the purpose of promoting remedial legislation for such cities, there being no prior usage as to the payment by the city of such expenses.

Argued May 19, 1902. Appeal, No. 119, April T., 1902, by plaintiffs, from order of C. P. Erie Co., Nov. T., 1901, No. 90, refusing mandamus in case of Commonwealth ex rel. John Depinet et al. v. W. W. Gingrich, Controller. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Petition for mandamus.

From the record it appeared that on or about May 15, 1900, the cities of the commonwealth of the third class, the city of Erie among them, by their corporate officers organized themselves into a society, or body, known as "The League of Cities of the Third Class in Pennsylvania," the object of which was the advancement of the various interests of said cities, promoting remedial legislation, and for the discussion and interchange of any and all topics relating to the welfare and conduct of the same. On May 15, 1900, the city of Erie, by proper action of its

officers, became a member of this body, and by resolution of the league the city of Erie was selected as the place of meeting on June 25, 26 and 27, 1901. On March 26, 1901, the city of Erie passed an ordinance appropriating $1,000 of the general revenues of the city to bear the expense of properly receiving and entertaining the delegates of the said convention on the days named, and the relators were appointed a committee having the matter in charge. The convention was held as arranged and the committee expended $505.98 in entertainment of the delegates. On July 8, 1901, the mayor and relators drew warrants upon the defendant, as controller of the city, to the amount of the expenses above stated, which warrants the controller refused to countersign on the ground, as stated by him, that the city had no authority to appropriate or expend the funds of the city for the purposes mentioned. The relators thereupon presented a petition to the court of common pleas of Erie county asking that a mandamus issue to the controller directing him to countersign the warrant or warrants of the relators in payment of the expenses aforesaid. To this petition the controller filed an answer denying the power of the city to expend money in the manner suggested. To this answer relators demurred and the question was heard by the court on the pleadings. By agreement of counsel the issue was limited to the question of the power of the city to appropriate money for the purpose mentioned, it being conceded that the relators had expended the money claimed in good faith. The court accorded a mandamus for the payment of $65.00 of the bill, covering the expenses of badges and flowers for the delegates, and janitor's wages for attendance upon the convention, but refused the writ for the other expenses.

*Error assigned* was the order of the court.

*Charles P. Hewes*, for appellants.—A city may appropriate money to a committee of private citizens appointed by the chamber of commerce and ratified by city councils to defray the expenses of having surveys for a ship canal made, and for securing information as to whether such a canal would be practicable, and would be a benefit to the city: Com. v. Pittsburg, 183 Pa. 202.

Councils have power to make appropriations for the extension of the hospitalities of the city to distinguished guests, or the appropriate celebration of public occasions: Tatham v. Philadelphia, 2 W. N. C. 564; Tagg v. Philadelphia 18, W. N. C. 79.

The only Pennsylvania case which holds otherwise is that of Bergner et al. v. Council of Harrisburg, 1 Pearson, 291, wherein Judge PEARSON holds such appropriations illegal. This decision, however, is based upon the admitted statement that the entertainment of visitors was not for the purpose of advancing the material interests of the city, but was solely that of hospitality.

*H. E. Fish*, with him *C. L. Baker* and *J. W. Sproul*, for appellee.—The appellant's authorities are not applicable to cities of the third class. Commonwealth v. Pittsburg, 183 Pa. 202, differs materially from the case at bar. There the appropriation was for a direct public benefit and not for the entertainment of guests.

Without express power, a public corporation cannot make a contract to provide for celebration of the Fourth of July or to provide an entertainment for its citizens and guests. Such contracts are void, and although the plaintiff complies therewith on his part, he cannot recover of the corporation: Dillon on Municipal Corporations (4th ed.) sec. 149.

In Hodges v. Buffalo, 2 Denio, 110, it was held " that the common council of the city of Buffalo have no authority to furnish an entertainment for the citizens and guests of the city at public expense."

OPINION BY RICE, P. J., October 13, 1902:

Whether the corporate officers of a city of the third class have authority to appropriate a portion of the city funds for the purpose of defraying the expenses—such as for hall rent, heating and lighting the same and janitor's services—necessarily incident to the holding therein of a convention, composed of delegates from all cities of the third class, and called for the purpose of advancing the various interests of such cities, promoting remedial legislation therefor, and for the discussion of, and interchange of views upon, any and all topics relating to the welfare and conduct of the same,—which appears to be the

object of the voluntary association known as " The League of
Cities of the Third Class in Pennsylvania,"—is a question
upon which we express no opinion.  We make this remark
lest it might be supposed that in affirming the judgment, in
which, apparently by consent, the controller was commanded
to approve so much of the bill as was for such expenses,
we intended to decide the question above stated in the af-
firmative.  No appeal was taken from that part of the judg-
ment.  The appeal is from the refusal of the court to award a
peremptory mandamus to compel the controller to approve
such part of the bills and warrants as, according to the aver-
ment of the answer, was " for expenses incurred for refresh-
ments and entertainment of guests of the city,"—evidently
meaning the delegates to the convention,—" and invited resi-
dents of the city and for the expense of giving them a fish dinner
on the peninsula; " which expenses, according to the further
averment of the answer, were, in the judgment of the control-
ler, " unreasonable and injudicious, and were unnecessary and
improper to a correct reception and entertainment of said dele-
gates."  As the case came up on demurrer to the answer, the
appellants, in order to succeed, must be able to maintain two
propositions: first, that the corporate officers of cities of the
third class have authority to contract on behalf of the city for
the purpose stated; second, that so far as the propriety or the
necessity of the expenditure of city money for such purpose
is concerned, the controller has no right to set up his judg-
ment and discretion against those of the mayor and councils.
If the first proposition cannot be maintained, the second need
not be considered.

We are not disposed to enter into a discussion of the ques-
tion as to the power of a city, as a city, to become a member of
an association or league formed for the purpose, amongst other
things, of promoting remedial legislation.  For, we think it
self-evident that it cannot, by assuming the obligations of mem-
bership in such league or association, acquire the power, or en-
large the powers before possessed, to expend the city's money
for purely social or hospitable purposes.  Nor can it be main-
tained that such power is inherent in every municipal corpora-
tion, or in every city.  If not conferred by express words, it
must be shown that it is necessarily or fairly implied in, or in-

cident to, the powers expressly granted. The fact that the corporate officers of the city are not forbidden to exercise it is not sufficient to prevent the interference of the courts. If the city of Erie has the power to expend money for such purpose, it is derived under article 5, section 3, pl. 46 of the Act of May 23, 1889, P. L. 277. But in the absence of proof or averment of any prior usage in cities of the third class, which can be called in as an aid to the construction of that section, we fail to see upon what principle it can be declared that the legislature had in view the giving of banquets to delegates to conventions held in such cities, to which some of the residents are invited, when it conferred the power to make such ordinances, by-laws, rules and regulations " as may be expedient or necessary . . . . for the proper management, care and control of the city and its finances, and the maintenance of the peace, good government and welfare of the city, and its trade, commerce and manufactures."

The powers here granted are very broad, but if the grant is to be construed so as to authorize such expenditures as were shown by the bills which the controller was asked to approve, it would be difficult to point out the limits beyond which the corporate officers cannot go in the expenditure of money for social pleasures. The expenditures have no relation to any of the objects expressly mentioned in the section unless it be the welfare of the city, but we fail to see how that is promoted, or how it profits the great body of citizens, that a few persons should eat and drink at their cost. The case of Commonwealth v. Pittsburg, 183 Pa. 202, is plainly distinguishable from the case at bar, and in the case of Tatham v. Philadelphia, 2 W. N. C. 564, a principle in the construction of statutes was relied on which cannot be invoked here. The general rule established by the great weight of authority is that a public corporation cannot make a contract to provide an entertainment for its citizens or guests : 1 Dillon's Municipal Corporations (4th ed.), sec. 149; 15 Am. & Eng. Ency of Law (1st ed.), p. 1051, and cases there cited; Bergner v. Harrisburg, 1 Pearson, 291. See also, as bearing indirectly upon the question as it is presented here, Cumberland County v. Poor Directors, 7 Pa. Superior Ct. 614, and McKean County v. Young et al., 11 Pa. Superior Ct. 481. Speaking of the rule laid down by Judge DILLON, Judge

HARE said in Tatham v. Philadelphia, supra: " But neither the general rule nor any of the precedents cited are decisive of the present case. Regard must be had to the ·terms of the municipal charter and the usage under it, if that usage has acquired the force of an established construction." In another part of his opinion he said: " It is well established that when the scope and interpretation of a statute have been defined by usage, and the statute is re-enacted, the usage is enacted with it, and henceforth has the weight of legislative sanction." In distinguishing that case from the present, the learned judge below well says: " But what may, by the force of usage, have become the settled law in Philadelphia, a city of the first class, cannot for that reason determine the law as to similar matters in the city of Erie or in cities of the third class generally, where no such usage is shown or averred to exist, and of which we have no knowledge." We are all of opinion that the controller did not exceed the discretion vested in him in refusing to approve the bills and that he would have failed in his duty if he had given them his sanction.

Judgment affirmed.