# Phillips *v.* Kantner, Appellant.

*Public officers—Poor laws—Directors of the poor—Compensation—Acts of April 4, 1831, P. L. 422, April 25, 1850, P. L. 569, March 31, 1876, P. L. 13, and July 2, 1895, P. L. 424—Traveling expenses—Acts of April 6, 1864, P. L. 285, and May 13, 1889, P. L. 200.*

1. "The Directors of the Poor and of the House of Employment for the County of Schuylkill," created by the Act of April 4, 1831, P. L. 422, are not county officers and their compensation is not affected nor changed by the Act of July 2, 1895, P. L. 424, which fixes the salaries of county directors of the poor in counties containing over 150,000 inhabitants.

2. Section 17 of the Act of April 25, 1850, P. L. 569, which repealed so much of sec. 3 of the act of April 4, 1831, as authorized the directors to appoint a treasurer, did not in any way affect the distinct and separate corporate existence of "The Directors of the Poor and of the House of Employment for the County of Schuylkill," or change the nature of that office.

3. The directors of the poor and of the house of employment for the county of Schuylkill, are entitled each to receive a compensation of $2.00 a day for each day necessarily spent in the performance of the duties of his office, and $20.00 a year to defray the expenses of his necessary attendance upon the duties of his office.

4. The Act of May 13, 1889, P. L. 200, does not apply to a poor di-

rector compensated as are the poor directors of Schuylkill county under a local law, even though his per diem compensation may in some years amount in the aggregate to $150.

5. The right of poor directors to an allowance for traveling expenses cannot rest upon usage or custom.

Argued Dec. 8, 1908. Appeal, No. 45, Oct. T., 1908, by defendants, from judgment of C. P. Schuylkill Co., May T., 1904, No. 150, for plaintiffs on case stated in suit of Patrick Phillips et al., Directors of the Poor and of the House of Employment for the County of Schuylkill, v. F. R. Kantner et al., Commissioners of the County of Schuylkill. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Case stated to determine the amount of compensation of poor directors.

From the case stated it appeared that the question involved was whether the directors of the house of employment for the county of Schuylkill were entitled to the salary of $1,500 per year, provided by the Act of July 2, 1895, P. L. 424, for county directors of the poor, and whether they were entitled to traveling expenses under the Act of May 13, 1889, P. L. 200.

The court decided the case in favor of the plaintiffs and entered the following judgment:

And now, September 30, 1907, in accordance with the agreement contained in the case stated, for the reasons verbally given, it is hereby directed that judgment be entered in favor of Patrick Phillips, and against the county of Schuylkill, for the sum of $138.35; and in favor of Anthony Schmicker, and against the county of Schuylkill, for the sum of $138.65; and in favor of Frederick Portz, and against the county of Schuylkill, for the sum of $138.90.

*Error assigned* was the judgment of the court.

*Guy E. Farquhar*, with him *Otto E. Farquhar*, for appellants.— This case is ruled by Nissley v. Lancaster County, 215 Pa. 562; Com. v. Bowditch, 217 Pa. 527.

The expenses of their necessary attendance on the duties of their office necessarily includes traveling expenses, and, therefore, the act of 1889 cannot apply to the directors of the poor and of the house of employment of Schuylkill county.

*W. F. Shepard,* for appellees.—The directors are county officers: Taggart v. Com., 102 Pa. 354; Com. v. Oellers, 140 Pa. 457; Com. v. Paine, 207 Pa. 45.

It is claimed that the act of 1889 allowing directors of the poor their traveling expenses does not apply in this case, as it expressly excepts counties having local or special laws on the subject, but the contemporaneous constructions and the practice under this act of 1889 up to the time this trouble arose in 1904 has been that the act of 1889 applies to Schuylkill county, notwithstanding the long forgotten paltry provision of $20.00 in the act of 1831: Mercer County v. Allen, 10 Pa. C. C. Rep. 342.

It is not doubted but what the acts of 1876 and 1895 repeal all prior inconsistent general laws bearing on the subject: McCleary v. Allegheny County, 163 Pa. 578; Com. v. Summerville, 204 Pa. 300.

OPINION BY RICE, P. J., July 14, 1909:

The principal question in the case is as to the law regulating the compensation of directors of the poor and of the house of employment for the county of Schuylkill in the year 1904. It is claimed by them, and the court below so held, that each was entitled to a salary of $1,500 a year under the Act of March 31, 1876, P. L. 13, as amended by the Act of July 2, 1895, P. L. 424, which was to be paid to him even though the net annual receipts of his office did not amount to that sum. On the other hand, it is urged by the defendant that the controlling question of law involved in this claim was decided against the plaintiff's contention by the judgment of the Supreme Court in Nissley v. Lancaster County, 215 Pa. 562, affirming the judgment of the Superior Court in the same case reported in 27 Pa. Superior Ct. 405.

The office was created by the Act of April 4, 1831, P. L. 422,

entitled, "An act to provide for the erection of a house for the employment and support of the poor in the county of Schuylkill." A careful comparison section by section shows that the provisions of that act relating to the mode of electing directors, their powers, duties and compensation, the distinct and separate corporate existence of "The Directors of the Poor and of the House of Employment for the County of Schuylkill," the mode of providing revenue for the purposes of the corporation, the disbursement and accounting for the same, the auditing of the directors' accounts, indeed all of its provisions which in any way affect the question for decision were transcribed literally, in some instances, and substantially in the other instances, from the Act of February 27, 1798, 3 Sm. L. 306, as supplemented by the Act of March 31, 1807, 4 Sm. L. 388. These were the acts construed in Nissley v. Lancaster. No subsequent legislation changed the Schuylkill county act in such manner as to distinguish this case from the case cited, unless it be sec. 17 of the Act of April 25, 1850, P. L. 569. This repealed so much of sec. 3 of the act of 1831 as authorized the directors to appoint a treasurer, and provided that the county treasurer, in addition to his other duties, should receive all moneys belonging to the corporation and should disburse the same on orders drawn by the board of directors. We have given careful consideration to the argument of appellees' counsel upon this point, but are unable to discover any substantial reason for concluding that this change of the law affected in any way the distinct and separate corporate existence of "The Directors of the Poor and of the House of Employment for the County of Schuylkill," the corporation of which the plaintiffs were directors, or changed the nature of that office, or distinguishes the controlling question for decision in this case from that decided in Nissley v. Lancaster. As that is a decision of the Supreme Court affirming our decision of the same question, it must be received and followed as of binding authority.

The next questions to be considered are whether the directors were entitled to recover traveling expenses incurred in their investigations as to outdoor relief, and if they were, what was the limit of their right of recovery. The right to an allowance

for traveling expenses cannot rest upon usage or custom: Albright v. Bedford County, 106 Pa. 582; Mansel v. Nicely, 175 Pa. 367; McKean County v. Young, 11 Pa. Superior Ct. 481. Section 10 of the act of 1831 reads as follows: "That the said directors shall each of them receive for their services the sum of $20.00 annually to defray the expenses of their necessary attendance on the duties of their office." By the special and local Act of April 6, 1864, P. L. 285, it was provided: "That the pay of the directors of the poor of said county shall be $2.00 per day, for each day necessarily spent in the performance of the duties of their office." This act made no allowance for expenses as was done in the Lancaster act of the same year, and it is fairly inferable that the legislature did not intend to abrogate the provisions of the act of 1831 relating thereto. Construing the two acts together, the conclusion is that they entitled each director to $2.00 a day for each day necessarily spent in the performance of the duties of his office, and $20.00 a year to defray the expenses of his necessary attendance upon the duties of his office. We are inclined to agree with the plaintiffs' counsel that the proviso of the first section of the Act of May 13, 1889, P. L. 200, does not apply to a poor director thus compensated under the local law, even though his per diem compensation may in some years amount in the aggregate to $150. The proviso relates to local laws which prescribe an "annual compensation" of $150 or more, and, inferentially, not to those under which the compensation that the officer is entitled to in any one year is uncertain in amount and is dependent on the number of days of actual attendance upon the duties of his office. But the second section contains the explicit declaration that, "this act shall not apply to any local law regulating the same," that is, as shown by the context, traveling expenses of the directors. As already pointed out there was a local law regulating the expenses of the directors of the poor and of the house of employment for the county of Schuylkill. Among the expenses thus regulated, there were included, ex vi termini, traveling expenses. There is therefore no escape from the conclusion that the act of 1889 does not apply to these directors.

It follows that the plaintiffs were not entitled to recover for

the month of February, 1904, at the rate of $1,500 each a year, but were only entitled to recover at the rate of $2.00 a day for each day of that month necessarily spent in the performance of their duties, and such portion of the expenses, for which the annual allowance of $20.00 is made, as had been actually incurred in that month. But as we understand the third stipulation of the case stated as to the judgment to be entered under the view we have taken of the law, it is agreed that there shall be added to the amount of the per diem compensation $20.00 in full payment for expenses for the year 1904. Therefore the judgment now directed will cover the compensation of the directors for the month of February, 1904, and their expenses for the entire year.

The judgment is reversed and the record is remitted to the court below with direction to enter judgment in favor of Patrick Phillips for $10.10, in favor of Anthony Schmicker for $10.80, and in favor of Frederick Portz for $13.90.