# Goodwin *v.* City Council of Bradford, Appellant.

*Constitutional law—Local and special laws—Titles to acts—Constitution of Pennsylvania, Article III, Sections 3 and 7—Reasonable classification—Act of July 24, 1913, P. L. 960—Municipalities—Cities of third class—Inspectors of weights and measures—Appointment by mayor — Compensation — Appropriation — City council—Mandamus.*

1. A reasonable classification of counties has always been sustained on the basis of population, where those of a similar population have been enabled to finally come within the provisions of the legislation.

2. The Act of July 24, 1913, P. L. 960, relating to the appointment of inspectors of weights and measures, fixing the minimum salary to be paid such inspectors and amending Section 1 of the Act of May 11, 1911, P. L. 275, is not a local law, although the minimum salary provision does not apply in counties having a population of 15,000 or less, effects a reasonable classification, based upon the population of the counties affected, and is valid.

3. When an act is declared to be a supplement to a former act, if the subject of the original act is sufficiently expressed in its own title and the provisions of the supplement are germane to that subject, the subject of the supplement is sufficiently covered by a title containing a specific reference to the original by its title with the date of its approval.

4. The Act of July 24, 1913, P. L. 960, which is entitled "An Act to Amend" the Act of May 11, 1911, P. L. 275, and the provisions of which are germane to the subject-matter of the Act of 1911, is not defective in title in view of the fact that the title of the Act of 1911 gives proper notice of the subject-matter of that act.

5. While under the Act of July 24, 1913, P. L. 960, a city and county may combine in the appointment of an inspector of weights and measures, there is no requirement that such action be taken.

6. When the appointment of an inspector of weights and measures has been duly made by the mayor, it is the duty of the city council to fix the salary of the appointee and provide for its payment, and they may be compelled by mandamus to perform this duty. It is immaterial that there is no money in the treasury from which an appropriation can be made, the city having the right to raise the requisite funds by taxation.

7. The office of inspector of weights and measures is a munici-

pal office and the mere fact that the inspector is required to report to the State does not change his status.

Argued Jan. 11, 1915.. Appeal, No. 252, Jan. T., 1914, by James A. Lindsey, F. M. Hotchkiss, E. M. Bitner and James Clark, from judgment of C. P. McKean Co., awarding mandamus, in case of Joseph W. Goodwin v. Spencer M. DeGolier, James A. Lindsey, F. M. Hotchkiss, E. M. Bitner and James Clark, members of, and composing the City Council of the City of Bradford. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Petition for mandamus. Before BOUTON, P. J.

The opinion of the Supreme Court states the facts.

The court sustained a demurrer to the defendant's answer and awarded a peremptory mandamus, as prayed for in the petition. James A. Lindsey, F. M. Hotchkiss, E. M. Bitner and James Clark, members of the city council, appealed.

*F. P. Schoonmaker,* City Solicitor, for appellants.

*R. B. Stone,* with him *Simons and Wilson,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 15, 1915:

This was a petition for a mandamus by plaintiff as inspector of weights and measures to compel the council of the City of Bradford to fix a suitable compensation for his office, and make an appropriation for the payment of the same. Plaintiff was appointed by the mayor of the city and qualified for the performance of his duties. Defendants contend that the Act of July 24, 1913, P. L. 960, under which plaintiff was appointed, is unconstitutional. They further state in their answer to the petition for mandamus, that the appointment of an inspector for the City of Bradford alone imposed an

undue burden on the city by compelling it to pay the entire salary of such officer; whereas, the county commissioners of McKean County in which the City of Bradford is located are willing to unite with the city in the appointment of an inspector for both city and county, in which case each would pay a portion of the inspector's salary. It is further averred that an appropriation necessary for this purpose has already been made. A demurrer was filed by plaintiff, and after the hearing the lower court issued a mandamus as prayed for from which order this appeal is taken.

Under the Act of May 23, 1889, P. L. 277, the mayors of cities of the third class appointed all incumbents of offices created by ordinance. By the Act of May 11, 1911, P. L. 275, the boards of county commissioners and the mayors of cities were authorized to appoint inspectors of weights and measures, with the further provision that the compensation of the city inspector should be fixed by ordinance and paid by appropriations made from the city treasury.

The Act of June 27, 1913, P. L. 568, changed the form of government of cities of the third class, and they are now governed by commissions composed of the mayor and four councilmen, all of whom are elected by the people. In this act the powers which were theretofore vested in the mayor and two bodies of councils became vested in the city council, which performs all executive, administrative and legislative functions. Among the duties or powers given to council by Article V, Sec. 3, Clause 31, of this act is the authority to enact ordinances, "to regulate the weighing and measuring of every commodity sold in the city in all cases not otherwise provided for by law." A later act passed at the same session of the legislature and approved July 24, 1913, P. L. 960, amended the Act of May 11, 1911, P. L. 275, by providing that the mayors of the cities of the second and third classes and the several boards of county commissioners, shall respectively appoint one or more com-

petent persons as inspectors of weights and measures in the respective county or city, whose salary was not to be less than one thousand dollars per annum; to be paid out of the revenues of such county or city. There is a proviso in this act to the effect that it should not be construed to prevent two or more counties, or any county and city from combining in such appointment as may be agreed upon between the county commissioners and the mayor, but there is no requirement that such action must be taken.

Under the legislation as it now stands it is clearly the duty of the mayor of the city to appoint an inspector for the city alone in the absence of a joint appointment by him with the county commissioners. Council has no voice whatever in the making of this appointment, but when made it is their duty to adopt an ordinance fixing the compensation of the appointee, which the Act of 1913 provides shall not be less than one thousand dollars per annum and to make an appropriation to pay the same. The fact that there happens to be no money in the treasury available for that purpose is not a sufficient excuse, since the council has full authority to procure the necessary funds to meet the outlay by taxation.

It has been argued that the Act of July 24, 1913, P. L. 960, is unconstitutional because the minimum salary provision does not apply to counties having a population of fifteen thousand or less, and is therefore improper classification. It may well be that the payment of a minimum salary of one thousand dollars a year by counties of less population might be burdensome, and this was evidently the thought of the legislature in making the distinction. The classification does not exclude any county in the Commonwealth, which may in the future increase in population to such extent as to come within the provisions of the act. A reasonable classification of counties has always been sustained on the basis of population, where those of a less population

have been enabled to finally come within the provisions of the legislation: Davis v. Clark, 106 Pa. 377.

The argument that the title of the Act of 1913 is general, and gives no notice that the city inspectors are to be appointed in the cities of the second and third classes only is equally without merit. The act is entitled, "An Act to amend an Act approved the eleventh day of May one thousand nine hundred and eleven, entitled 'An Act to provide for the appointment of county and city inspectors of weights and measures; providing for their compensation and expenses; prescribing their duties; prohibiting vendors from giving false and insufficient weights; and fixing the penalties for the violation of the provisions hereof.'" This language is sufficiently broad and comprehensive to cover all its provisions, Franklin v. Hancock, 204 Pa. 110, and it is therefore unnecessary to set out in detail the contents of the body of the statute. In Rogers's Petition, 192 Pa. 97, this court said: "It is now well settled that when an act is declared to be a supplement to a former act, if the subject of the original act is sufficiently expressed in its own title, and the provisions of the supplement are germane to that subject, the subject of the supplement is sufficiently covered by a title containing a specific reference to the original by its title with the date of its approval." The act questioned here is clearly within this rule. The Act of May 11, 1911, P. L. 275, is of general application to all cities and counties. The amending act makes no express provisions for cities of the first class but as the only city of that class is the City of Philadelphia, which is co-extensive with the county of Philadelphia, the provision that the commissioners in the counties are to make the appointment would apply to that city. Another argument advanced by appellants in support of their contention that the act is invalid, is that the inspector is a State officer, and while the classification of cities and counties would be proper in respect to matters properly in the jurisdiction of local government yet the classi-

fication is improper as to State matters. The answer to this is that the act itself distinctly recognizes the office of inspector as a municipal office, and that the mere fact that it contains provisions requiring him to report to the State does not change his status. He is appointed by the mayor or the county commissioners, paid by the municipality and is subject to removal by the appointing power in the event of his failure to properly perform the duties of his office.

The assignments of error are overruled and the judgment affirmed.