## Dumbleton et al. v. Eckley et al., County Commissioners

*Fleming & Litke*, for plaintiffs.
*John G. Love*, for defendants.

WALKER, P. J., August 24, 1938.—This is a proceeding brought under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, by Alban C. Dumbleton and Edward Vaughn, who had been duly elected Overseers of the Poor of Rush Township at the general election in 1935, for a term of four years, against Paul Eckley, Balser Weber and Alfred L. Bowersox, County Commissioners of the County of Centre, for the purpose of having the court determine two questions arising under section 601 of the County Institution District Law of June 24, 1937, P. L. 2017.

It has been admitted in the answer filed that Alban C. Dumbleton and Edward Vaughn were the duly qualified Overseers of the Poor of the Township of Rush, elected in November 1935 for a period of four years, and that they had assumed the duties of their office and performed the same until the first Monday of January 1938. It is further agreed that the Poor District of the Township of Rush was an independent poor district, not coterminous with the county, and was not situated within a county of the second class or a city of the second class.

The legislature, by its enactment of the County Institution District Law, supra, passed a new poor law which would be applicable to the County of Centre, and provided in article VI, sec. 601, as follows:

"Every independent poor district, lying wholly or partly within any county, is hereby abolished, except to the extent necessary to liquidate its affairs as hereinafter provided. Each of the present poor directors of every such independent poor district is hereby removed from office. Each such poor director, who is now paid for his services, shall be employed by the commissioners of the county in which he resides, until his present term of office shall expire, in the administration of this act and in the liquidation of the affairs of the independent poor district, receiving his present annual salary. The office of poor auditor of every independent poor district is hereby abolished. The commissioners are hereby constituted the poor directors of every district lying in only one county for the purpose of paying its obligations. The commissioners of both counties are hereby constituted the poor directors of any poor district lying in two counties for the purpose of paying its obligations."

The Township of Rush was an independent poor district lying wholly within Centre County and by said provision was abolished, except to the extent necessary to liquidate its affairs as provided in said act. The said act also removed from office the poor directors of the said independent poor district, which, in this case, would be

Alban C. Dumbleton and Edward Vaughn. This the legislature had a right to do, as "The offices of a municipality are not public offices under the protection of the constitution. Such office exists by the will of the legislature only, and may be changed, its duties transferred to some other department of the municipality, or entirely abolished at any time, and the incumbent has no standing to complain": Robbins v. Wilkes-Barre, 37 Pa. Superior Ct. 382; Poor District Case (No. 2), 329 Pa. 410.

The County Institution District Law, however, provides that:

"Each such poor director, who is now paid for his services, shall be employed by the commissioners of the county in which he resides, until his present term of office shall expire, in the administration of this act and in the liquidation of the affairs of the independent poor district, receiving his present annual salary. The office of poor auditor of every independent poor district is hereby abolished."

In the petition for declaratory judgment petitioners allege that they have not been employed by the county commissioners as provided in said act last quoted, in the administration of the act and in the liquidation of the affairs of the Poor District of the Township of Rush and contend that under said provision they are entitled to be employed by the county commissioners.

The first question which has been submitted by said proceeding for determination by the court is whether or not Alban C. Dumbleton and Edward Vaughn are entitled to be employed in the administration of the County Institution District Law of 1937, and in the liquidation of the affairs of the Poor District of the Township of Rush. That portion of the act last above quoted provides for the employment of each poor director, and it has been contended by defendant that it does not apply to Alban C. Dumbleton and Edward Vaughn because they are "overseers of the poor". This position is untenable because the act, in section 102, states:

" 'Poor Director' means a director, overseer, guardian or manager of any poor district or home for the destitute as now constituted."

So that in the use of the words "poor director" in section 601 it would apply to an "overseer of the poor" such as the plaintiffs.

It is also contended by defendants that the legislature, in the enactment of section 601, had in mind those poor districts operating as county units. This position cannot be maintained because in article III, sec. 302, of the Act of 1937, it provides for the abolishment of the office of county poor director, as well as the terms of the incumbents, but also provides that the commissioners shall employ each of the present paid county poor directors until their existing term of office shall expire, in the administration of this act, paying him his present annual salary, and if he now receives no fixed annual salary, then such salary as may be fixed by the commissioners. It is quite evident from both section 601 and section 302 of said act, that the legislature contemplated that someone would have to be employed to assist in the administration of the act and the liquidation of the affairs of the poor districts, and also were aware of the fact that they had the right to abolish the office of poor director or overseer of the poor and remove the incumbents from office, but realizing that the knowledge which the old overseers had acquired by experience of the poor within their respective districts and of its poor affairs would be helpful in the administration of the affairs of the new county institution district, and in fairness to the individuals who had been removed from office by this act but who were the parties chosen by the electorate of the respective districts to look after their poor affairs, directed that they should be the ones employed by the county institution district, placing the only restriction on their employment that their term of office had not expired, that they had been paid for their services in the past, and that their time of

employment should cease with the expiration of the term for which they originally had been elected. The language used with reference to their employment was mandatory in its nature, using, as it did, the word "shall".

It is not a question whether they are protected by the Constitution in their right to hold their office, but it is the language of section 601 which specifically directs that "Each such poor director, who is now paid for his services, shall be employed by the commissioners of the county in which he resides, until his present term of office shall expire, in the administration of this act and in the liquidation of the affairs of the independent poor district". Section 601 also provides for the abolishment of the office of poor auditor. No provision appears in said act to protect this particular position because there would be no need for the services of a poor auditor. However, no stronger or clearer language could be used placing this duty upon the commissioners of employing the overseers of the poor, and the court, therefore, answers the first question, namely, whether Alban C. Dumbleton and Edward Vaughn are entitled to be employed in the administration of said act, and in the liquidation of the affairs of said Poor District of the Township of Rush, in the affirmative.

The second question submitted for determination is that the court shall declare that Alban C. Dumbleton shall be paid the sum of $175 and the said Edward Vaughn the sum of $150 per annum for the remainder of their elected term, until the first Monday of January 1940.

A public officer claiming a salary, fees or compensation for services must show that such compensation is authorized by law before he will be entitled to recover the same: Rothrock v. Easton School Dist., 133 Pa. 487; Wayne County v. Waller et al., 90 Pa. 99; Nowling v. Newell, 65 Pa. Superior Ct. 67; County of McKean v. Young, Comm., etc., 11 Pa. Superior Ct. 481.

In the petition for the declaratory judgment plaintiffs state:

"That in lieu of the per diem compensation, salary, or emolument prescribed by law, a practice maintained without question for many years last past, not alone in the Township of Rush but in other poor districts in the County of Centre, and the Commonwealth of Pennsylvania, your petitioners each received during the two years of their incumbency in office an annual compensation, salary, or emolument, to wit: Alban Dumbleton the sum of $175 per annum, and Edward Vaughn the sum of $150 per annum."

Plaintiffs contend that they are entitled to the payment of these two sums because by custom these amounts for many years were paid, and cite as authority for their position the case of Commonwealth ex rel. v. Paine, 207 Pa. 45. A reading of this particular case does not maintain the position contended for by plaintiffs in this particular suit, as it provides:

"Where the public and the public authorities have construed an act of assembly in a particular way for forty years, the courts will be slow to adopt another construction."

In the case at bar it is not a question of ambiguous or doubtful legislation, but it is a question whether plaintiffs are entitled to the particular compensation mentioned by them, because such amount had been paid for quite a number of years, and that now custom had fixed the amount, regardless of any legislative authority which might exist with reference to the payment for the services of an overseer of the poor.

Public officers take and hold their offices cum onere, and can claim no compensation for services rendered which are not specified or provided for by legislative enactment, and where compensation is fixed by statute, additional compensation cannot be claimed, although such additional amount has by a custom of long standing been paid by the municipality: Albright v. County of Bedford, 106 Pa. 582; Phillips v. Kantner, 39 Pa. Superior Ct. 570; Coleman v. Clinton County, 5 D. & C. 535; Com-

monwealth v. Wyatt, 6 D. & C. 497; Commonwealth v. Tross et al., 7 D. & C. 173; Mansel et al. v. Nicely, 175 Pa. 367; Susquehanna County Auditors' Report, 118 Pa. Superior Ct. 47.

Both counsel for plaintiff and defendant cite that the statutory authority for the payment of overseers of the poor is the Act of April 15, 1834, P. L. 537, and the Act of February 28, 1835, P. L. 45. Section 93 of the Act of 1834 provides that an overseer of the poor shall receive "a sum not exceeding one dollar for each day he shall be necessarily employed in discharging the duties of his office." The citation of these acts of assembly as authority for payment to overseers of the poor for services rendered would effectually destroy any argument in favor of the payment of any sum based upon custom. It will be noticed that this particular act provides for the payment of a sum not exceeding $1 per day for each day an overseer shall be necessarily employed in discharging the duties of his office.

There is nothing in this case, therefore, other than the argument of custom, which has been ruled out by the higher courts, which would enable the court to find that plaintiffs were entitled to the respective amounts claimed by them. There is no evidence nor citation of any legislation upholding the position of plaintiffs. The court, therefore, is unable to declare that plaintiffs are entitled to the respective amounts claimed by them to be due them for the remainder of their elected term, or until the first Monday of January 1940.

### Decree

And now, to wit, August 24, 1938, judgment is hereby directed to be entered that the Commissioners of Centre County shall employ Alban C. Dumbleton and Edward Vaughn in the administration of the County Institution District Law of 1937, and in the liquidation of the affairs of the said Poor District of the Township of Rush and that plaintiffs have failed to show that Alban C. Dumble-

ton is entitled to the sum of $175 and Edward Vaughn the sum of $150 per annum, claimed by them to be due them for the remainder of their elected term or until the first Monday of January 1940. Costs of this proceeding to be paid by the county.